THE BERGEN COUNTY TURNPIKE COMPANY v. JOHN P. HAAS, COLLECTOR FOR THE BOROUGH OF FAIRVIEW.

There was no statutory authority that authorized the assessor of a borough in 1896 to tax the section of a turnpike road within his borough as so much real estate, against the company that was incorporated to establish and maintain such road.

On *certiorari* in matter of taxation.

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *William M. Johnson.*

*Contra, Samuel G. H. Wright.*

The opinion of the court was delivered by

GARRISON, J. Taxes for the year 1896 were assessed in the borough of Fairview against the Bergen Turnpike Company, in this form: " 6 acres, $2,100.    $65.10."

The proofs show that the six acres (afterwards reduced to four) were the bed of the turnpike road reduced to acreage. It is also shown that the company was incorporated in 1802; that its principal office is in Hackensack, where its stockholders' and directors' meetings are held, and where, in previous years, its taxes had been assessed and paid; that its treasurer lived in New York, and that its tolls are collected in various townships, but not in the borough of Fairview.

The sole question is whether there is statutory authority for this assessment.

At an earlier period, private corporations were taxed upon their capital stock and surplus. *Pamph. L.* 1862, *p.* 349.

Turnpike companies were taxed under this and previous acts. *Haight* v. *Jersey City and Bergen Point Plankroad Co.*, 3 *Vroom* 449.

Where the tolls were collected in several townships, the personal estate of turnpike companies was assessed at the place of residence of " the officer authorized to discharge the general pecuniary obligations of the company." *Pamph. L.* 1854, *p.* 298, § 7.

The same section provides that the real estate of incorporated companies shall be assessed in the same manner as that of individuals; and section 3 was in these words: " The term real estate as used in this act shall be construed to include all lands, all water-power thereon, or appurtenances thereto, and all mines, quarries, and all fisheries."

By the act of April 11th, 1866 (*Pamph. L.*, *p.* 1084, § 15), private corporations were taxable to the full amount of their stock and surplus; and by section 23 the real estate of such corporations was to be assessed and deducted from the previous amount or of the whole capital and surplus. *Trenton Iron Co.* v. *Yard*, 13 *Vroom* 357.

. The supplement to the Corporation act (*Rev.*, *p.* 196), which subjected the real property of corporations to taxation the same as stock of an individual, expressly exempts from its provisions turnpike companies, and its repealer affects the Corporation act and its supplements alone. *Jersey City Gas-*

*light Co.* v. *Jersey City,* 17 *Vroom* 194; *New Jersey Hedge Co.* v. *Craig,* 22 *Id.* 437.

This course of legislation left turnpike companies, if subject to taxation on their roadbeds, entitled to have them assessed in such a manner that the sum could be deducted from the total amount of their assessments.

The act of 1895 (*Pamph. L., p.* 748) provided that all real estate should be taxed in the taxing district in which it was situated, notwithstanding the line between such districts divide the " farm " of an owner. This act neither expressly nor by proper implication affects the companies exempted under the Corporation act of 1875. Finally, in 1896, in the revision of the Corporation act, it was provided that " all real and personal property of every corporation shall be taxed the same as the real and personal property of an individual, provided this ' action ' [presumably " section "] shall not apply to railroad, *turnpike,* insurance, canal or banking corporations." *Pamph. L., p.* 313, § 110.

This is the latest law in effect at the time the assessment in question was made, and it is clear that neither it nor any that preceded it authorize or evince a legislative intention justifying the division of a turnpike roadbed into as many links or sections as the taxing districts it traverses and the separate assessments of each as so much real estate, which is what was done in the case before us.

Upon the general relation of the prosecutor to the taxing power other than this defendant, I express no opinion.

The borough of Fairview could not, in 1896, lawfully impose the tax brought up by this writ. It is set aside, with costs.