PUBLIC SERVICE RAILWAY COMPANY, PROSECUTOR, v. BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY, THE BERGEN COUNTY BOARD OF TAXATION AND THE BOROUGH OF LITTLE FERRY.

PUBLIC SERVICE RAILWAY COMPANY, PROSECUTOR, v. BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY, THE BERGEN COUNTY BOARD OF TAXATION AND THE TOWNSHIP OF OVERPECK.

PUBLIC SERVICE RAILWAY COMPANY, PROSECUTOR, v. BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY, THE BERGEN COUNTY BOARD OF TAXATION AND THE BOROUGH OF RIDGEFIELD.

Argued July 9, 1910—Decided November 16, 1910.

There is no general law and no general principle of law by which turnpike bridges are exempted from assessment for the purposes of general taxation.

On *certiorari.*

Three writs bring up judgments of the board of equalization of taxes dismissing appeals made to it by the Public Service Railway Company from the determination of the Bergen

534 NEW JERSEY SUPREME COURT.

Public Service Ry. Co. v. Bd. Equaliz. Taxes. *80 N. J. L.*

county board of taxation, by which one-half of certain turnpike bridges was assessed for taxation, the contention of the prosecutor being that the bridges so assessed were parts of turnpikes, and that the turnpikes were public highways and exempt from taxation.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Frank Bergen.*

For the borough of Little Ferry, *Mackay & Mackay.*

For the township of Overpeck, *William J. Morrison, Jr.*

The opinion of the court was delivered by

GARRISON, J. In the case of *Turnpike Company* v. *Haas,* 32 *Vroom* 174, we held that "there was no statutory authority that authorized the assessor of a borough in 1896 to tax the section of a turnpike road within his borough as so much real estate, against the company that was incorporated to establish and maintain such road."

This decision was expressly based upon the exemption *eo nomine* of "turnpikes" in the statute law as it stood in 1896. The General Tax act of 1903 (*Pamph. L, p.* 394) repealed all acts inconsistent with its provisions. In *Hanover* v. *Camp Meeting Association,* 47 *Vroom* 65 (opinion by Mr. Justice Swayze), we held that "the obvious effect of these provisions was to repeal all exemptions except those allowed by the act of 1903." The exemption of turnpikes by the Corporation act of 1896 (*Pamph. L., p.* 313, § 110) is therefore repealed, as such exemption is not among those enumerated in the act of 1903.

It is said, however, that turnpike roads are not to be assessed for taxation because they are highways, and that concerning highways it has been determined by our courts that "nothing remains in the owner of the soil but the naked fee which, on the assertion of the public right, is divested of all beneficial interest." *Hoboken L. and I. Co.* v. *Hoboken,* 7 *Vroom* 540 (opinion by Mr. Justice Depue).

The owner of the soil upon which a franchise to maintain a turnpike is operative stands, however, in exactly the opposite position, since, by reason of a legislative grant, he is authorized and enabled to derive substantial benefits from such ownership. The argument based upon the lack of beneficial interest, therefore, if well founded as to ordinary highways, is entirely without application to the special sort of highway we are considering.

Conceding, therefore, that a bridge is a part of a turnpike, and that a turnpike is a sort of a highway, there is neither general law nor general principle of law by which such property is exempted from assessment for the purposes of general taxation.

The judgments brought up by these writs are affirmed.